■ Co-Star Construction, Inc., Respondent, v Frederic C. Fray, Esq., et al., Defendants, and Strassberg & Strassberg, P. C., Appellant. [722 NYS2d 516] —Order, Supreme Court, New York County (Stephen Crane, J.), entered on or about October 5, 2000, which, insofar as appealed from, denied defendant-appellant's motion to vacate the note of issue, to compel a further deposition of plaintiff's president and for a ruling on the propriety of plaintiff's assertion of the attorney-client privilege, the latter denial without prejudice to an application before the Trial Justice for such a ruling, unanimously affirmed, without costs.

Defendant claims that plaintiff's improper assertion of the attorney-client privilege at its deposition and in its responses to a notice to admit has prevented completion of disclosure, and seeks to compel further disclosure from plaintiff without the impediment caused by this claim of privilege. However, plaintiff's deposition was taken almost a month before the compliance conference at which plaintiff was directed to file a note of issue within three weeks. Yet, for unexplained reasons, defendant did not mention plaintiff's claim of privilege at the compliance conference, and did not object when plaintiff was directed to file a note of issue. Under the circumstances, the

note of issue should not be vacated in order to accommodate a request for disclosure that could have and should have been made before the note of issue was filed. Concur—Rosenberger, J. P., Williams, Tom, Lerner and Buckley, JJ.